UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Canada,<br><br>                    Plaintiff,<br><br>v.<br><br>Dan Stehr, Dan Sepeda, Damascus Way Staff Members, Robyn Wood, Olmsted County of Corrections, Doug Nelson, Alex Bunger, Paul Flessner, and Sarah Sommer,<br><br>                    Defendants. | Case No. 21-CV-2188 (SRN/ECW)<br><br><br>**ORDER ON PRO SE COMPLAINT AND APPLICATION TO PROCEED IN FORMA PAUPERIS** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Shawn Canada's pro se complaint [Doc. No. 1] and his application to proceed in forma pauperis [Doc. No. 2]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DISMISSES** Canada's complaint for failure to state a claim and **DENIES** his motion to proceed in forma pauperis.

Plaintiff Shawn Canada is currently incarcerated at the Minnesota Correctional Facility ("MCF") in Faribault, Minnesota.[1]  The present five-page complaint does not

---

[1] The present matter is the fifth of eight cases Canada has filed in the last two months. *Canada v. All Members of Damascus Way, et al.*, 21-cv-1904 (SRN/LIB) ["*Canada I*"], *Canada v. Williamson, et al.*, 21-cv-2085 (DSD/TNL) ["*Canada II*"], *Canada v. Olmstead Cnty., et al.*, 21-cv-2120 (NEB/DTS) ["*Canada III*"], *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB) ["*Canada IV*"], *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) ["*Canada V*"], *Canada v. Antony, et al.*, 21-cv-2204 (PAM/JFD) ["*Canada VI*"], *Canada v. MCF-Faribault*, 21-cv-2228 (NEB/TNL) ["*Canada VII*"], *Canada v. Kroening*, 21-cv-2273

1

contain any factual narrative whatsoever. Instead, Canada merely lists federal statutes and legal concepts in a bullet point fashion. In total he cites at least 15 statutes, the Fifth Amendment, and numerous common law theories of relief such as slander, defamation and entrapment. [Doc. No. 1 at 1-4]. In apparent support of the complaint, he appended a one-page document titled "Damascus Way Resident Discharge Summary." [Doc. No. 1-1]. The summary indicates that Canada was admitted to the Damascus Way Re-Entry Center on November 6, 2019, and he was discharged on April 17, 2020, for failure to comply with health and safety policies related to the COVID-19 pandemic. Aside from this document, Canada's complaint contains no information about the events or actions that give rise to his lawsuit.

Canada is a prisoner, so his lawsuit is subject to review under the terms of 28 U.S.C. § 1915A(b). Under Section 1915A(b), a court must dismiss part or all of a complaint if it fails to state a sufficient claim. To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the

---

(SRN/KMM) ["Canada VIII"]. Canada also filed two prior civil actions, and two habeas corpus actions in this District. *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017) (dismissed for failure to prosecute); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018) (dismissed for failure to prosecute); *Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017) (dismissed with prejudice); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018) (dismissed without prejudice for failure to exhaust state remedies).

plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

Canada's complaint simply does not meet the standard of Rule 8(a)(2). His complaint cannot be said to put the defendants on notice of what his claims are or what grounds they rest upon. In fact, Canada provides no grounds at all for his claims. The Court construes pro se pleadings broadly, but it is not expected to assume facts that are not alleged in order to make a stronger claim. *Stone*, 364 F.3d at 915. Without drawing

assumptions, the Court cannot draw any clear or concise connections between Canada's apparent discharge from Damascus Way, any apparent actions by the named defendants, or the numerous citations to statutes and legal theories. For example, Canada cites 18 U.S.C. § 1512, a criminal statute that prohibits tampering with a witness, victim, or informant. On the information provided, there is simply no connection between any form of tampering and Canada's discharge from Damascus Way. Even if there was a connection between the statute and the events that may have occurred, Canada would be unable to pursue a claim under § 1512 because private citizens have no right to initiate criminal obstruction of justice charges. *See e.g. Horde v. Elliot*, No. 17-cv-800 (WMW/TNL), 2018 WL 987683 *1, *9 (D. Minn. 2018) (holding that the obstruction of justice statutes do not create a private right of action), Report & Recommendation adopted 2018 WL 985294 (D. Minn. 2018). Thus, the Court will dismiss Canada's § 1512 claim for failure to state a claim.

As with his citation to 18 U.S.C. § 1512, Canada has also failed to state a claim under any of the other 14 statutes he cited because he has not associated any facts or conduct by the defendants with the legal theories. Unadorned legal assertions are not sufficient to state a claim. *See Ashcroft*, 556 U.S. at 678. The same problem is true for each and every legal proposition that Canada set forth. There is absolutely no connection between Canada's legal assertions, and the one-page discharge summary from Damascus Way. Thus, the Court concludes that Canada has failed to state a claim and his complaint is subject to dismissal.

Based on the foregoing analysis and on all the files and submissions herein, **IT IS HEREBY ORDERED THAT:**

1. Canada's complaint [Doc. No. 1] is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

2. Canada's motion to proceed in forma pauperis [Doc. No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 21, 2021

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge